**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FRANK LEROY HERSHA, Jr.,

Petitioner-Appellant,

v.

MARK JONES; KRISTIN A. WINGES-YANEZ,

Respondents-Appellees.

No.    15-35145

D.C. 6:12-cv-02279-KI

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted October 7, 2016**
Portland, Oregon

Before:  O'SCANNLAIN, CLIFTON, and NGUYEN, Circuit Judges.

Frank Hersha appeals a district court order denying his habeas corpus

petition.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

\*      This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes that this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal habeas relief may not be granted unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or was " based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). This is a "highly deferential" standard of review, "which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997)). Where a petitioner seeks review of a state court's denial of claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), our review is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009).

The Oregon state court did not unreasonably apply clearly established law in denying Hersha's ineffective assistance of counsel claim. 28 U.S.C. § 2254(d). Hersha alleges that trial counsel was ineffective in failing to call as witnesses Dawn Bartlett and David Slay, and in failing to introduce counseling records showing that two of the victims initially denied that they were abused by Hersha.

The state court reasonably determined that counsel was not ineffective in her

tactical decision not to call Dawn Bartlett as a witness, because Bartlett would likely have testified that one of the victims was always consistent in his statements that Hersha abused him. *See Gerlaugh v. Stewart*, 129 F.3d 1027, 1033 (9th Cir. 1997) ("Counsel knew about the evidence and looked into it, but chose as a tactical matter not to use it. A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*."). In addition, the state court reasonably concluded that Hersha failed to show prejudice because Bartlett's testimony would have been harmful.

The state court also did not misapply or contravene federal law when it determined that trial counsel made a reasonable effort to contact David Slay. Counsel is "entitled to formulate a strategy that was reasonable at the time and to balance limited resources in accord with effective trial tactics and strategies." *Harrington v. Richter*, 562 U.S. 86, 107 (2011). Here, trial counsel and her investigator made good faith efforts to reach Slay but were unsuccessful.

Finally, the state court reasonably determined that Hersha suffered no prejudice as a result of the failure to introduce the counseling records. Trial counsel had already cross-examined the victims about their inconsistent stories and

3

emphasized the inconsistencies during closing argument. [1]

**AFFIRMED.**

---

[1] Appellees' motion to supplement the record is denied. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (explaining that generally, "we consider only the district court record"). Comparable facts are in the record.